**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALDO GUTIERREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>V. TUCKER,<br><br>　　　　Defendant. | No. 2:19-CV-0878-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 21, for injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

In his motion, Plaintiff states:

> On February 22, 2020, Prison Guards Pineau and Casillas conducted a destructive cell search of Plaintiff's assigned cell. They knowingly confiscated his typewriter, legal materials pertaining to the instant case, and other personal property. Plaintiff's cell was also left in complete disarray – trashed.
> Pineau later informed Plaintiff: "We took your shi-t! You have to let the Tucker matter go. You have to stop filing paperwork because you will never win against the Green Wall."
> Prison Guard Pineau also noted that Defendant Tucker ordered the reprisals: "Tucker wanted you to know that [she] has friends in high places." . . .

ECF No. 21, pgs. 2-3.

Plaintiff seeks a temporary restraining order. See id. at 4.

The Court finds that injunctive relief is not warranted for two reasons. First, to the extent Plaintiff seeks an order directed to either Pineau or Casillas, injunctive relief is not available because neither is a party to the case. Second, Plaintiff has not demonstrated how he is likely to suffer irreparable injury absent the requested relief.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 21, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 30, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2