IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO J. GUTIERREZ, | No. 2:19-CV-0878-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| V. TUCKER, et al., | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983. Before the Court are Plaintiff's father's motion for substitution of parties and for appointment of counsel. ECF No. 32. For the reasons discussed below, the Court grants substitution but denies appointment of counsel. The Court resets scheduling deadlines by separate order.

**I. BACKGROUND**

Plaintiff, formerly a prisoner at California Health Care Facility, filed this civil rights action in May 2019. ECF No. 1. After service of the complaint, Defendant filed an answer. ECF No. 20. Plaintiff, however, passed away on September 27, 2020. ECF No. 32 at 3. The Court was not aware of Plaintiff's passing until November 17, 2020, when Plaintiff's father, Mr. Bruno Gutierrez, filed a motion seeking to substitute himself into the case as Plaintiff's successor in interest. Id. at 2, 3. Outside of Mr. Gutierrez's assertion in his motion that Plaintiff has passed away, neither party has filed a formal suggestion of Plaintiff's death on the record. Mr. Gutierrez also

1

requests appointment of counsel in order to "expedite prosecution of [Plaintiff's] pending case." Id. at 3. Defendant has not opposed either motion.

## II. DISCUSSION

### A. Substitution of Parties:

Under Federal Rule of Civil Procedure 25, if a party to an action dies and the underlying claim is not extinguished, the Court may order substitution of a proper party. Fed. R. Civ. P. 25(a)(1). If the motion for substitution is not made within 90 days after service of a statement noting the death, the action by the decedent must be dismissed. Id. The motion must be served on parties as provided for under Rule 5 and nonparties as under Rule 4. Fed. R. Civ. P. 25(a)(3).

#### 1. 90-Day Limitations Period:

Rule 25 requires two affirmative steps to trigger the 90-day period. E.g., Gilmore v. Lockard, 936 F.3d 857, 865 (9th Cir. 2019); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994); E.E.O.C. v. Timeless Investments, Inc., 734 F. Supp. 2d 1035, 1056 (E.D. Cal. 2010). First, a party must formally suggest the death of the party upon the record. Gilmore, 936 F.3d at 865. Second, the suggesting party must serve other parties *and* nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Gilmore, 935 F.3d at 865; Timeless Investments, 734 F. Supp. 2d at 1056.

At the first step, a party must formally suggest a decedent party's death on the record regardless of whether the remaining parties have knowledge of the deceased party's death. Braden v. Plumbing & Pipefitting Indus. Local 38 Convalescent Trust Fund, 967 F.2d 584, at *1 (9th Cir. 1992); Fox v. County of Tulare, No. 1:11–cv–00520–AWI–SMS, 2014 WL 897040, at *5 (E.D. Cal. Mar. 6, 2014); Timeless Investments, 734 F. Supp. 2d at 1056. Mere reference to a party's death in court proceedings or in pleadings is insufficient to trigger the 90-day period. See Braden, 967 F.2d at *1; Timeless Investments, 734 F. Supp. 2d at 1056; Fox, 2014 WL 897040, at *5. No party ever filed a formal suggestion of Plaintiff's death on the record. The notation in Mr. Gutierrez's own motion was insufficient to satisfy step one. See, e.g., Braden, 967 F.2d at *1; Timeless Investments, 734 F. Supp. 2d at 1056. Because no party ever made a formal suggestion of death complying with step one, the 90-day period was not triggered and could not have run, even

2

had Defendant argued otherwise. See, e.g., Braden, 967 F.2d at *1; Timeless Investments, 734 F. Supp. 2d at 1056. Even if it did trigger the window, Mr. Gutierrez filed his motion simultaneously.

Although no formal statement was ever filed, thus precluding running of the 90-day window, the Court notes that it is unclear from Mr. Gutierrez's motion whether he properly served Defendant. He only states that he sent the motion in a sealed envelope to the Court. ECF No. 32 at 4. Nevertheless, the motion was docketed on ECF, which would have triggered an electronic notification. Because Defendant has not opposed the motion for substitution, the Court concludes that any challenge to defective service has been waived.

### 2. Survivability of Claims:

Substitution under Rule 25 requires that the underlying claim survive the death of the party who passed away. Fed. R. Civ. P. 25(a)(1). A motion for substitution can be granted only for claims not extinguished by death. Id. The Court must examine each claim independently. See Bailey v. MacFarland, No. 2:15-cv-01725-TLN-DB, 2020 WL 5763825, at *2 (E.D. Cal. Sept. 28, 2020) (citing Hawkins v. Eads (In re Eads), 135 B.R. 380, 384–85 (E.D. Cal. 1991)).

To determine whether a cause of action survives a party's death, the Court must look to the law, state or federal, under which the cause arose. See, e.g., Bailey, 2020 WL 5763825, at *3. In § 1983 claims, the law of the forum state controls the survivability of claims. See, e.g., Robertson v. Wegmann, 436 U.S. 584, 589–90 (1978); Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1103 (9th Cir. 2014); Smith v. City of Fontana, 818 F.2d 1411, 1416 (9th Cir. 1987), overruled on other grounds by Hodgers–Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999) (en banc); see also Wheeler v. City of Santa Clara, 894 F.3d 1046, 1051–53 (9th Cir. 2018); Stribling v. Lucero, No. 2:16-cv-01438-TLN-JDP, 2021 WL 516849, at *1 (E.D. Cal. Feb. 11, 2021). In California, a cause of action is not lost by reason of a plaintiff's death but survives through the applicable statute of limitations.[1] Cal. Code Civ. Proc. §§ 377.20(a), .21. Here, because the forum state is California and the only claims presented fall under § 1983, Plaintiff's death did not

---

[1] California Code of Civil Procedure § 377.34, however, states that the damages recoverable by a decedent's successor "are limited to the loss or damage that the decedent sustained or incurred before death." Cal. Code Civ. P. § 377.34; Stribling, 2021 WL 516849, at *1. Recoverable damages do not include "damages for pain, suffering, or disfigurement." Cal. Code Civ. P. § 377.34. The alleged damage here occurred before Plaintiff's death. ECF No. 1.

extinguish the action. See, e.g., Kaplan v. County of Kern, No. 1:14-cv-00206-DAD-JLT, 2016 WL 3196740, at *2 (E.D. Cal. June 8, 2016); see also Wheeler, 894 F.3d at 1051–53; Chaudhry,751 F.3d at 1103; Cotta v. County of Kings, 79 F. Supp. 1148, 1158–59 (E.D. Cal. 2015).

**3. Proper Party:**

The Court may only order substitution of a proper party under Rule 25. See Fed. R. Civ. P. 25(a)(1). The party seeking substitution in a survival action shoulders the burden of demonstrating that a particular state's law authorizes a survival action and that the party meets that state's requirements for bringing the action. Hayes v. County of San Diego, 736 F.3d 1223, 1228–29 (9th Cir. 2013).

Rule 25 only requires that Mr. Gutierrez be Plaintiff's successor in interest or legal representative. Fed. R. Civ. P. 25(a)(1); see Bogie v. Ethicon, Inc., No.: 1:20-cv-00044-AWI-JLT, 2020 WL 3868472, at *2 (E.D. Cal. July 9, 2020); Kaplan, WL 3196740, at *2. California permits pending proceedings to survive a plaintiff's death if the underlying cause of action survives. Cal. Code Civ. Proc. § 377.21. In California, an action that survives the death of a party entitled to bring the action passes to decedent's successor in interest, subject to California's Probate Code. Cal. Code. Civ. P. § 377.30. An action may be initiated by a decedent's personal representative or, if there is no personal representative, by the decedent's successor in interest. Id.

Accordingly, if "there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action." Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir.2006) (citing Cal. Code Civ. Proc. §§ 377.20, .32. A decedent's "'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate." Cotta, 79 F. Supp. At 1158 (quoting Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore, 162 Cal.App.4th 1331, 1340 (2008)). A decedent's "successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. P. § 377.11. Further, California's probate code mandates that an entire intestate estate passes to the decedent's parents if there is no surviving spouse or issue. Cal. Prob. Code § 6402(a)–(b).

California's Code of Civil Procedure further provides that:

> The person who seeks . . . to continue a pending action or proceeding as the decedent's successor in interest under this article shall execute and file an affidavit or declaration under penalty of perjury under the laws of this state stating all of the following:
> (1) The decedent's name.
> (2) The date and place of the decedent's death.
> (3) "No proceeding is now pending in California for administration of the decedent's estate."
> (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
> (5) Either of the following, as appropriate, with facts in support thereof:
> (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
> (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
> (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
> (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."
> Code Civ. Proc. § 377.32(a). Additionally, a certified copy of the decedent's death certificate must be attached to this affidavit or declaration. *Id*. at § 377.32(c).

Cal. Code Civ. P. 377.32(a); see Kaplan, WL 3196740, at *2.

Plaintiff's Certificate of Death states that he was never married. ECF No. 32 at 5. Mr. Gutierrez's affidavit lists the information outlined above in California Code of Civil Procedure 377.32.[2] Id. at 3. Mr. Gutierrez avers, in relevant part, the following: (1) that Plaintiff is his son and died on September 27, 2020; (2) that he is Plaintiff's successor in interest as defined by California Code of Civil Procedure section 377.11; (3) that there is no pending proceeding for administration of Plaintiff's estate; and (4) that no other person has a superior right to maintain this lawsuit. Id.

Based on the law above and the evidence before the Court—and because Defendants have not objected to Mr. Gutierrez's affirmation that he Plaintiff's successor in interest—the Court concludes that Mr. Gutierrez is a proper party under Rule 25 and California law. Finally, then,

---

[2] There are minor inconsistencies with section 377.32 in Mr. Gutierrez's affidavit. See Cal. Code Civ. P. § 377.32; ECF No. 32 at 3. For instance, Mr. Gutierrez states the time of Plaintiff's death, but not the place. See ECF No. 32 at 3.

because Mr. Gutierrez's motion is timely, because the present cause of action survived Plaintiff's death, and because Mr. Gutierrez is a proper party, the motion for substitution is granted. The Court substitutes in Bruno Gutierrez as successor in interest to the decedent, Gerard Gutierrez.[3]

**B. Motion for Counsel:**

The United States Supreme Court has ruled that district courts lack authority to compel unwilling counsel to represent indigent plaintiffs in civil actions. See, e.g. Mallard v. United States Dist. Court, 490 U.S. 296, 298–302 (1989); Ovitsksy v. Oregon, 594 F. App'x 431, 432 (9th Cir. 2015). Typically, a person has no *right* to counsel in civil actions. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) ((citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)). In certain exceptional circumstances, the court may request the assistance of counsel under 28 U.S.C. § 1915(e)(1). See id.; see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990). When considering whether exceptional circumstances exist, the Court must consider the petitioner's ability to articulate their claims on their own in the light of the complexity of the legal issues involved, as well as the likelihood of success on the merits. See, e.g., Palmer, 560 F.3d at 970. Neither of these considerations is dispositive and instead must be viewed together. Id.

In moving for appointment of counsel, Mr. Gutierrez requests counsel "to expedite prosecution of [Plaintiff's] pending case." ECF No. 3 at 5. He does not allege any other circumstance in support of his motion. Mr. Gutierrez's motion is thoughtful and coherent and includes citations to appropriate authority (albeit mostly California law on survival of actions).Too, none of Plaintiff's claims—for retaliation in violation of First Amendment retaliation and deliberate indifference in violation of Eighth Amendment—are fairly typical and not particularly complex. See ECF No. 1. The Court concludes that Mr. Gutierrez can articulate claims on his own. Finally, nothing before the Court establishes a particular likelihood of success on the merits.

The Court does not at this time find any *exceptional* circumstances warranting appointment of counsel. The motion for appointment of counsel is denied.

---

[3] Mr. Gutierrez spells his son's name as "Gerard," rather than "Gerardo" as reflected in the caption. See ECF No. 32. Plaintiff also spells his name as "Gerard." See, e.g., ECF Nos. 1, 22.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for substitution (ECF No. 32) is **GRANTED**. The Court substitutes in Bruno Gutierrez as successor in interest to the decedent, Gerard Gutierrez.

2. The Clerk of the Court is directed to update the docket to reflect substitution of Bruno Gutierrez as successor in interest to the decedent, Gerard Gutierrez.

3. The motion for appointment of counsel is **DENIED**.

4. The Court resets the litigation schedule by separate order.

Dated: April 20, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7